IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| ANTHONY Q. JOHNSON,<br>*Plaintiff*,<br><br>v.<br><br>UNITED LAW FIRM, PLLC, and<br>SANDERS GROSSMAN,<br>*Defendants*. | §<br>§<br>§<br>§   MO:20-CV-00032-DC<br>§<br>§<br>§<br>§ |

## ORDER OF DISMISSAL

BEFORE THE COURT is the status of the above-captioned case. Plaintiff Anthony Q. Johnson (Johnson) filed the instant lawsuit against Defendants United Law Firm, PLLC, and Sanders Grossman[1] (together, Defendants) on February 3, 2020. (Doc. 1). Johnson also filed a motion to proceed *in forma pauperis*. (Doc. 2). The Court granted Johnson's motion and reminded him that the case may be dismissed at any time if the Court finds the lawsuit frivolous or that Johnson failed to state a claim on which relief may be granted. (Doc. 4). After careful review, the Court **DISMISSES WITHOUT PREJUDICE** all of Johnson's claims. (Doc. 1).

### I.   BACKGROUND

In his Complaint, Johnson alleges he was incarcerated from January 2012 to June 2013 in Arlington, Virginia. (Doc. 1 at 1). During his incarceration, he was admitted to the Western State Hospital, a mental asylum facility. *Id.* At the facility, Johnson was prescribed medication, Risperdal and/or Risperidone, for a period of six (6) months, starting on January 2013 and ending on June 2013. *Id.*

---

1. Plaintiff's Complaint incorrectly names the law firm and attorney who handled the underlying claims. (*See* Doc. 1). The Complaints names "United Law Firm Sanders Grossman, LLC" as the Defendant. However, Defendants clarify United Law Firm, PLLC and Sanders Grossman are two different parties. (*See* Doc. 11 at 1).

It is unclear from the Complaint when Johnson hired Defendants to represent him in a 2014 lawsuit against several parties involved in the design, manufacture, sale, marketing, advertising, promotion, and distribution of Risperdal for injuries Johnson sustained as a result of ingesting Risperdal. *Id.*

According to Johnson's Complaint, Defendants requested Johnson's medical records and informed him that nothing could be done on several occasions because the records they obtained did not include NDC codes, which were required to establish a connection between the defendants in the underlying case and the medication Johnson ingested. *Id.* Johnson argues Defendants informed him that they could not represent him further and that dismissal of his claims was required. *Id.* Johnson contends he is no longer able to obtain his medical records from the hospital because the hospital began using a new system for storing such data. *Id.*

Johnson claims it is now too late to obtain the documents necessary to proceed with his tort lawsuit in California, where the underlying lawsuit was filed. *Id.* Johnson requests "reimbursement for [] all the time [he] is going to spend being ultimately depressed and [for his] continued worsening health." *Id.* He is also "seeking general damages for an undisclosed amount." *Id.*

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1915(e), district courts are authorized to dismiss a frivolous claim, and they have the "unusual power to pierce the veil of the complainant's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Brinson v. McKeeman*, 992 F. Supp. 897, 904 (W.D. Tex. 1997). In a case where the plaintiff is granted *in forma pauperis* status, a court may *sua sponte* the issue of whether an action is malicious or frivolous under § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). "A complaint is legally frivolous if

it is premised on an 'indisputably meritless legal theory.'" *Boyd v. Biggers*, 31 F.3d 279, 281 (5th Cir. 1994). Further, the court may dismiss the case if the claims have no arguable basis in law or fact. *See Gartrell v. Gaylor*, 981 F.2d 254, 259 (5th Cir. 1993).

### III.   DISCUSSION

It is unclear what legal claims Johnson raises against Defendants. (Doc. 1). However, the Court can make out one allegation: Defendants' failure to obtain records including the NDC codes during the discovery period in the underlying tort action resulted in Johnson's inability to pursue his tort claims in state court then and now. *Id.* The Court can imply from Johnson's contention that he seeks to recover from Defendants for legal malpractice.

First, the Court notes Johnson's allegation that he cannot pursue his tort action in California is factually incorrect. Johnson's California lawsuit was dismissed without prejudice, meaning he can refile his case if he wishes to do so. (*See* Doc. 11).

Second, Johnson's Complaint does not allege Defendants breached their duty to use "such skill, prudence, and diligence as members of his or her profession commonly possess and exercise."[2] *See Filbin v. Fitzgerald*, 211 Cal. App. 4th 154, 165 (2012) (listing the elements of a legal malpractice action under California law). Rather, at most, the Complaint contends the documents his attorneys were provided in the underlying suit did not contain the information necessary to proceed with his claims. (Doc. 1). Johnson does not plead his attorneys caused the omission of the necessary information in the documents, nor does he plead his attorneys did not use diligence in making requests for such information in the underlying lawsuit. *Id.*

---

2. After applying the substantive relationship test, the Court finds California law controls Johnson's legal malpractice claim. *See Eastman Chem. Co. v. Niro, Inc.*, 80 F. Supp 2d 712, 715 (S.D. Tex. 2000) ("Texas applies the 'substantive relationship test' to determine which state's law will apply to a tort claim governed by state law in a diversity action.").

Consequently, the Court rules Johnson's Complaint does not raise a claim that has an arguable basis in law or fact.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** that all of Johnson's claims in this lawsuit be **DISMISSED WITHOUT PREJUDICE**.

The Court further **ORDERS** that all other pending motions be denied as **MOOT**.

It is so **ORDERED**.

SIGNED this 25th day of November, 2020.

*/s/ David Counts*

DAVID COUNTS
UNITED STATES DISTRICT JUDGE